# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1862

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Mario Juarez-Reyes, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 14, 2011
Filed: April 25, 2011

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Mario Juarez-Reyes pleaded guilty to illegally re-entering the United States after having been deported, a violation of 8 U.S.C. § 1326(a). Based on its determination that the total offense level was 21 and that Juarez-Reyes's criminal history category was II, the district court[1] calculated a guidelines range of 41 to 51 months' imprisonment. It then sentenced Juarez-Reyes to 46 months' imprisonment.

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

Juarez-Reyes argues that his sentence is substantively unreasonable because it was "greater than necessary to accomplish the sentencing objectives set forth in 18 U.S.C. § 3553(a)." In his view, a below-guidelines sentence of 24 months' imprisonment would have been "more than sufficient" because the guidelines overstate his criminal history.

"We review the reasonableness of a sentence under a deferential abuse-of-discretion standard, and we accord a presumption of reasonableness to a sentence within the advisory guideline range." United States v. Vinton, 631 F.3d 476 (8th Cir. 2011) (citations omitted). At sentencing, the district court reviewed Juarez-Reyes's criminal history, which includes, among others, two incidents yielding a total of three criminal history points. The first was a domestic assault in November 2000, during which Juarez-Reyes pushed the victim to the floor two times. The district court noted that there was "nothing overstated" about the one criminal history point attaching to this conduct and that, indeed, "it might be understated."

The second incident was an "altercation," see Sentencing Tr. at 35:2-10, in November 2002, during which Juarez-Reyes grabbed his then-wife by the head, threw her to the ground, and threatened to kill her. Juarez-Reyes later pleaded guilty to being a felon in possession of a firearm, aggravated assault, and terroristic threatening. The district court rejected Juarez-Reyes's argument that two criminal history points overstated these offenses.

Our review of the record satisfies us that the district court did not abuse its discretion in selecting a within-guidelines sentence of 46 months' imprisonment.

The sentence is affirmed.

_____